IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MICHAEL IRVIN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:23-cv-00131 |
| **MARRIOTT INTERNATIONAL, INC.** | § | |
| **AND JANE DOE,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT MARRIOTT INTERNATIONAL, INC.'S RESPONSES TO PLAINTIFF'S IMPROPER EXPEDITED DISCOVERY REQUESTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and subject to and without waiving its objection to personal jurisdiction and venue, Defendant Marriott International, Inc. ("Marriott" or "Defendant") hereby objects to Plaintiff Michael Irvin's Discovery Requests given that, among other things, Marriott is not subject to personal jurisdiction in the State of Texas or in this Court, which is an improper venue for this action. Marriott objects to Plaintiff's efforts to seek and obtain an improper *ex parte* order from the state court requiring Marriott to respond to harassing and unnecessary "expedited discovery."

**GENERAL OBJECTIONS TO DISCOVERY REQUESTS**

The following general objections apply to each of Plaintiff's Requests for Production and Interrogatories (collectively, the "Requests") and are incorporated by reference in each of Defendant's specific responses thereto:

1. Defendant objects to every Request on the ground that Defendant is not subject to general or specific personal jurisdiction in the State of Texas or this Court.

1

2.	Defendant objects to every Request on the ground that the United States District Court for the Eastern District of Texas is not a proper venue for this action.

3.	Defendant objects to the Requests as improperly served given that they were not served upon Defendant's registered agent or counsel of record in this action.

4.	Defendant objects to the Interrogatories on the grounds that discovery has not opened in this case.

5.	Defendant objects to every Request on the ground that Defendant is an improper party to this action as it neither owned nor operated any hotel known as the "Renaissance Phoenix Hotel & Spa."

6.	Defendant objects to every Request that purports to impose obligations on Defendant beyond the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure, which will govern Defendant's responses.

7.	Defendant objects to the Request to the extent they seek materials prepared in anticipation of litigation, or which contain or reflect or call for the disclosure of the mental impressions, conclusions, opinions or legal theories of any attorney for Marriott, or any other information protected by the Federal Rules of Civil Procedure.  Defendant will not produce such information.

3.	Defendant objects to the Requests to the extent they seek information protected from discovery under the attorney–client privilege and/or the work product doctrine.  Defendant will not produce such information.

4.	Defendant objects to the Requests to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business information.

Defendant will produce such information, if requested and not otherwise objectionable, only upon the Court's entry of a suitable protective order.

5. Defendant objects to the Requests to the extent they call for identification or production of information that is equally available to the requesting party.

6. In responding, Defendant does not concede that any Interrogatory to which Defendant responds is relevant to the subject matter of this litigation or proportional to the needs of the case. Defendant expressly reserves both the right to object to further discovery into the subject matter of these Requests and the right to object to introduction into evidence of responses to these Requests. Defendant also reserves the right to question the authenticity, relevancy, materiality, privilege and admissibility as evidence for any purpose of the information provided and the documents identified and/or produced in response to these Requests, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

7. Defendant reserves the right to amend, supplement, or revise its responses as necessary up to and including the time of trial.

8. Defendant objects to the Instructions provided with the Requests to the extent that they purport to be directed not only to Defendant but also to other individuals and entities that are separate and distinct from Defendant.

9. Defendant objects to the Requests to the extent that they seek confidential information relating to individuals who are not parties to this litigation. Defendant will only produce such information subject to the Court's entry of a suitable protective order.

10. Defendant objects to the Requests to the extent that they seek information which may have been lost or destroyed in the normal course of business before Defendant received notice of Plaintiff's claims in this action.

Subject to the foregoing and without waiving same, Defendant hereby responds to the Requests as follows:

## RESPONSE TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**

Any and all video recordings, written reports, and/or witness statements gathered that pertain to Michael Irvin's stay at the Renaissance Phoenix Hotel & Spa in February 2023.

**RESPONSE:**

Defendant objects to this Request on the ground that Defendant is not subject to general or specific personal jurisdiction in the State of Texas or this Court.

Defendant objects to this Request on the ground that the United States District Court for the Eastern District of Texas is not a proper venue for this action.

Defendant objects to this Request as improperly served given that it was not served upon Defendant's registered agent or counsel of record in this action.

Defendant objects to this Request on the ground that Defendant is an improper party to this action as it neither owned nor operated any hotel known as the "Renaissance Phoenix Hotel & Spa."

Defendant objects to this Request on the grounds that it is vague and ambiguous to the extent it uses the term "pertain to Michael Irvin's stay at the Renaissance Phoenix Hotel & Spa" without adequate definition, limitation, or explanation. Defendant is not aware of any hotel known as the "Phoenix Renaissance Hotel & Spa."

Defendant further objects to this Request on the grounds that it is overly broad and unduly burdensome. The Request seeks "[a]ny and all video recordings, written reports, and/or witness statements" that in any way "pertain" to Plaintiff's alleged stay at a non-existent hotel, regardless

4

of whether such recordings or documents are relevant to Plaintiff's claims asserted against Marriott.

Defendant further objects to this Request to the extent it seeks information protected from discovery under the attorney–client privilege or the work product doctrine. Respondent will not produce such information.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1.**

Provide the name and contact information for any and all of Defendant's employees who made a complaint against Plaintiff Irvin.

**RESPONSE:**

Defendant objects to this Interrogatory on the ground that Defendant is not subject to general or specific personal jurisdiction in the State of Texas or this Court.

Defendant objects to this Interrogatory on the ground that the United States District Court for the Eastern District of Texas is not a proper venue for this action.

Defendant objects to this Interrogatory as improperly served given that it was not served upon Defendant's registered agent or counsel of record in this action.

Defendant objects to this Interrogatory on the grounds that discovery has not opened in this case.

Defendant further objects to this Interrogatory to the extent it violates third-party individuals' right to privacy guaranteed by the United States Constitution, the Arizona Constitution, and the Texas Constitution.

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, vague and ambiguous to the extent it uses the term "complaint," which is

undefined, unlimited as to time, territory, and subject matter, and is not otherwise explained adequately.

**INTERROGATORY NO. 2.**

Provide the name and contact information for any employee who is alleged to have been offended by Plaintiff Irvin's conduct.

**RESPONSE:**

Defendant objects to this Interrogatory on the ground that Defendant is not subject to general or specific personal jurisdiction in the State of Texas or this Court.

Defendant objects to this Interrogatory on the ground that the United States District Court for the Eastern District of Texas is not a proper venue for this action.

Defendant objects to this Interrogatory as improperly served given that it was not served upon Defendant's registered agent or counsel of record in this action.

Defendant objects to this Interrogatory on the grounds that discovery has not opened in this case.

Defendant further objects to this Interrogatory to the extent it violates third-party individuals' right to privacy guaranteed by the United States Constitution, the Arizona Constitution, and the Texas Constitution.

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, speculative, vague and ambiguous because it is unlimited as to time, territory, and subject matter, and uses the term "offended by" without adequate explanation or definition.

**INTERROGATORY NO. 3.**

Provide the name and contact information for any and all employees or managers who contacted the NFL about Plaintiff Irvin's conduct.

**RESPONSE:**

Defendant objects to this Interrogatory on the ground that Defendant is not subject to general or specific personal jurisdiction in the State of Texas or this Court.

Defendant further objects to this Interrogatory on the ground that the United States District Court for the Eastern District of Texas is not a proper venue for this action.

Defendant objects to this Interrogatory as improperly served given that it was not served upon Defendant's registered agent or counsel of record in this action.

Defendant objects to this Interrogatory on the grounds that discovery has not opened in this case.

Defendant further objects to this Interrogatory to the extent it violates third-party individuals' right to privacy guaranteed by the United States Constitution, the Arizona Constitution, and the Texas Constitution.

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant, speculative, vague and ambiguous because it is unlimited as to time, territory, and subject matter,

**INTERROGATORY NO. 4.**

Provide the names and contact information for any and all of persons associated with the NFL to whom reports were made regarding Michael Irvin.

**RESPONSE:**

Defendant objects to this Interrogatory on the ground that Defendant is not subject to general or specific personal jurisdiction in the State of Texas or this Court.

Defendant further objects to this Interrogatory on the ground that the United States District Court for the Eastern District of Texas is not a proper venue for this action.

Defendant objects to this Interrogatory as improperly served given that it was not served upon Defendant's registered agent or counsel of record in this action.

Defendant objects to this Interrogatory on the grounds that discovery has not opened in this case.

Defendant further objects to this Interrogatory to the extent it violates third-party individuals' right to privacy guaranteed by the United States Constitution, the Arizona Constitution, and the Texas Constitution.

Defendant further objects to this Interrogatory on the grounds that it overly broad, unduly burdensome, irrelevant, vague and ambiguous because it is unlimited as to time, territory, and subject matter, and uses the phrase "associated with the NFL," which is without adequate definition, limitation, or explanation.

Dated: February 20, 2023

Respectfully submitted,

*/s/ Kendall Kelly Hayden*

Kendall Kelly Hayden
khayden@cozen.com
State Bar No. 24046197
Cozen O'Connor
1717 Main Street, Suite 3400
Dallas, Texas 75201
Telephone: (214) 462-3000
Facsimile: (214) 462-3299

Nathan D. Chapman
*Pro hac vice forthcoming*
C. Celeste Creswell
*Pro hac vice forthcoming*
Kabat Chapman & Ozmer LLP
171 17th Street NW, Suite 1550
Atlanta, GA 03063
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

***ATTORNEY FOR DEFENDANT MARRIOTT INTERNATIONAL, INC.***

## CERTIFICATE OF SERVICE

  I hereby certify that on this 20th day of February, 2023, prior to 5:00 pm CST, I served a true and correct copy of the above and foregoing on all counsel of record via electronic mail and via United States mail.

                   */s/ Kendall Kelly Hayden*