IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL IRVIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:23-cv-131 |
| MARRIOTT INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

# DEFENDANT MARRIOTT INTERNATIONAL, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff's Motion for Expedited Discovery lacks any legitimate basis and is an affront to the integrity of the judicial system. Having failed in his attempt to "home cook" Marriott with an *ex parte* discovery motion in state court, which lacked jurisdiction over Marriott, Plaintiff has filed another baseless motion in this Court. Plaintiff seeks expedited discovery in a case that presents no urgency whatsoever, for the admitted and illegitimate purpose of trying this case in the media, with complete disregard for the safety and privacy of the employee who reported the incident and other potential witnesses. Given Plaintiff's conduct to date, including the "reports" attached to his Motion, it is apparent that Plaintiff wants to view the footage so he can ignore the applicable discovery rules and deploy his team of private investigators to surveil and otherwise harass the reporting employee and potential witnesses.

It is not surprising that Plaintiff previously tried to obtain the information at issue without a court hearing Marriott's response, as even the slightest scrutiny of Plaintiff's request compels the conclusion that it is inappropriate and premature. First, as detailed in Marriott's pending Motion to Dismiss for Lack of Personal Jurisdiction, this Court lacks jurisdiction over Marriott,

which is subject to neither general nor specific jurisdiction in the State of Texas. Therefore, at a minimum, the Court should decline to rule on any motion by Plaintiff seeking advanced discovery until it resolves Marriott's threshold jurisdictional objections.

Second, and in any case, Plaintiff has not and cannot show that "good cause" exists for the early discovery he seeks. He has identified no legitimate reason discovery should not proceed in the normal course. Instead, Plaintiff "asks that he be allowed to conduct limited expedited discovery related to security footage of the Hotel on the date of the incident so that he, the NFL, and anyone else interested in the truth, will be able to witness [his] conduct . . . [and] judge for themselves . . . ." In other words, Plaintiff hopes to obtain the footage so that he can fashion a narrative, feed his propaganda machine, and improperly invite potential jurors to pre-judge this matter in his favor. Likewise, it is apparent that Plaintiff seeks to identify the employee who reported the incident and other witnesses, opening them to surveillance and scrutiny by Plaintiff's private investigators, media, members of the public without the safeguards attendant to the discovery process. The Court should not allow Plaintiff to subvert the judicial process, bypass procedural safeguards, and achieve an unfair advantage with such unilateral discovery.

Denying Plaintiff's Motion is also particularly appropriate because he does not identify any irreparable harm that will result from following normal discovery protocols. The only urgency he portends is litigating in the court of public opinion, purportedly in an effort to convince the NFL to let him cover the NFL combine. This assertion is smoke without fire. According to Plaintiff, the video footage he seeks was already "voluntarily turned over to the NFL," so his assertion that letting the NFL see it again and "judge for themselves" again will somehow alter its treatment of him is completely undermined by his own Motion. Additionally,

the NFL combine began on February 27, so production plans for coverage of the event were likely completed long ago, and Plaintiff's manufactured urgency therefore fails as moot. Moreover, Plaintiff seeks only monetary damages in this action, and he thus concedes injunctive relief is not required and monetary damages will make him whole.

That leaves Plaintiff's desire to litigate his claims in the court of public opinion as the only potential basis for expedited discovery. Rather than constitute a compelling reason to deviate from the normal course of discovery, Plaintiff's objective is an *improper* purpose that makes adherence to the discovery rules even more critical in this case. Consequently, the Court should deny Plaintiff's Motion and permit discovery to proceed, if at all, in the normal course and in the proper forum, as shown in Marriott's pending Motion to Dismiss.

## I. PROCEDURAL HISTORY AND RELEVANT FACTUAL BACKGROUND

### A. Plaintiff's Claims Arise Out of His Stay at an Arizona Hotel That Marriott Neither Owns nor Operates.

On or about February 9, 2023, Plaintiff Michael Irvin ("Plaintiff") commenced this litigation against Marriott and "Jane Doe" in the 429th Judicial District Court, Collin County, Texas, Cause No. 429-00627-2023 (the "State Court Action"). ECF 3 (Plaintiff's State Court Petition). Plaintiff asserts claims for defamation (Count One) and tortious interference with a business relationship (Count Two), both of which arise out of a series of events that allegedly occurred at the "Renaissance Phoenix Hotel & Spa" in Phoenix, Arizona (the "Hotel")[1] in the days leading up to the 2023 Super Bowl. Plaintiff alleges that, in February 2023, he traveled to Phoenix to work as a sports commentator for the Super Bowl and stayed at the Hotel. ECF 3 ¶ 4.01. On or about the night of February 5, 2023, Plaintiff alleges he returned to the Hotel, had several "pleasant" interactions with fans, including a female Hotel employee, and went to bed.

---

[1] Plaintiff has referred to the Hotel throughout his Complaint erroneously as the "Renaissance Phoenix Hotel & Spa," which does not exist.

*Id.* ¶ 4.03. Plaintiff alleges he was subsequently woken up by Hotel security and removed from the Hotel because of a complaint the Hotel received from a female employee about his conduct toward her. *Id.* ¶ 4.04. Plaintiff further alleges that "one of the managers of the Hotel reported false information to the NFL about Plaintiff[,] accusing him of improper behavior towards a hotel employee." *Id.* ¶ 4.06.

As a result of the alleged actions of these Hotel employees, Plaintiff claims that the NFL pulled him from all scheduled programming surrounding the Super Bowl. *Id.* Plaintiff claims the Hotel manager's statements about him to the NFL were false and defamatory, allegedly causing him over $100,000,000 in damages. *Id.* ¶ 4.08.

**B.     Plaintiff Immediately Began Subverting the Judicial Process with an *Ex Parte* Motion for Early Discovery in State Court.**

On February 16, 2023, a mere three days after serving Marriott with a copy of the petition and before counsel for Marriott even appeared in the case, Plaintiff obtained an *ex parte* order from the State Court requiring Marriott to respond to certain discovery requests by no later than February 20, 2023, without regard to whether the State Court had jurisdiction over Marriott, whether Marriott is a proper party to this action, or whether Marriott has possession of any of the documents and information Plaintiff demanded. ECF 5-2 (State Court Order on Plaintiff's Motion for Expedited Discovery); ECF 1; ECF 5-3. While such tactics may be permitted in state court, "*ex parte* motions for expedited discovery are generally disfavored by th[is] court." *DIRECTV, LLC v. WNK Assocs., Inc.*, No. 6:22-CV-00423-JDK, 2022 WL 17823677, at *2 (E.D. Tex. Dec. 20, 2022); *accord Paterson Enters. Ltd. v. Whitmore Mfg. Co.*, No. 3:11-CV-974-L (BH), 2011 WL 13233312, at *2 (N.D. Tex. May 12, 2011) (noting *ex parte* discovery motions disfavored because "the timing of the motion obviates the requirements in both the

Federal Rules of Civil Procedure and the Local Civil Rules that parties meaningfully confer in an attempt to reach agreement prior to filing discovery motions").

On February 20, 2023, Marriott removed the State Court Action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Additionally, to avoid any argument that it has waived its objections to jurisdiction and venue, Marriott served objections to Plaintiff's discovery based on, *inter alia*, lack of personal jurisdiction and improper venue, and did not substantively respond. Despite Plaintiff's implications to the contrary, there was nothing improper about Marriott's removal, which fully complied with applicable federal law and this Court's Local Rules. Indeed, one of the fundamental policy considerations underlying removal is avoiding the type of "home cooking" that Plaintiff has tried to perpetrate here. 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3721 (Rev. 4th ed.) ("Like the diversity of citizenship and alienage jurisdiction of the federal courts, the original right to remove [] was designed to protect nonresidents from the local prejudices of state courts."). Nor, as discussed below, is there anything improper about Marriott's refusal to respond to discovery prior to the resolution of its jurisdictional objections.

**C.     Plaintiff Renews His Motion in This Court.**

Plaintiff has now renewed his Motion for Expedited Discovery in this Court. ECF 5. In that Motion, he asks the Court to order Marriott to produce "[a]ny and all video recordings, written reports, and/or witness statements gathered that pertain to Michael Irvin's stay at the Renaissance Phoenix Downtown Hotel in February 2023." ECF 5 ¶ 4.01. In particular, Plaintiff "asks that he be granted the opportunity to conduct limited expedited discovery related to security footage of the Hotel on the date of the incident so that he, the NFL, and anyone else interested in the truth, will be able to witness Irvin's conduct, judge for themselves, and cease the

harm inflicted on Irvin each day that these defamatory allegations are allowed to persist." *Id.* ¶ 1.07.  Despite asking the Court to order Marriott to respond by 5:00 PM on Friday, February 24, 2023 (a mere two days after he filed the Motion), he did not caption his filing as an "Emergency Motion" or otherwise comply with this Court's Local Rules.  *See generally id.*; L.R. CV-7(l).  Marriott now responds to Plaintiff's Motion, in accordance with this Court's Order dated February 24, 2023.

D. **The Harassment Prevention Policy at Issue Protects the Privacy Interests of Employees and Does Not Entitle Plaintiff to Access or Impede the Investigation.**

Plaintiff's Motion implies that Marriott failed to comply with its own internal policies regarding investigation of sexual harassment claims.  ECF 5 ¶ 2.04.  By its own terms, however, that "Harassment Prevention" Policy (ECF 5-4) is designed to protect the Hotel's employees, ***not*** guests who subject employees to purportedly harassing conduct.  Moreover, nothing in the unauthenticated policy requires Marriott to include Plaintiff (or any other guest accused of harassment) in or reveal anything to him about its investigation.  In fact, the quoted language included in Plaintiff's Motion specifically provides that the investigation will be "strictly confidential."  *Id.*  The propriety of conducting a confidential investigation is readily evident here.  In the wake of the filing of Plaintiff's lawsuit, the Hotel and its employees have already begun receiving threatening phone calls from Plaintiff's supporters, and multiple inquiries from Plaintiff's agents seeking to uncover the identity of the employee who purportedly accused Plaintiff of misconduct.

## II.     ARGUMENT

A. **Plaintiff's Motion Fails at the Threshold Because He Filed this Litigation in an Improper Forum.**

As an initial matter, Plaintiff cannot obtain the relief he seeks because he chose to file this litigation in Texas, where the courts lack personal jurisdiction, as explained in Marriott's

pending Motion to Dismiss. ECF 13. As another Texas federal court has recently recognized, the Court lacks general jurisdiction over Marriott, because Plaintiff cannot show this is an "exceptional case that would give rise to general jurisdiction over Marriott when Marriott is incorporated in Delaware and has its principal place of business in Bethesda, Maryland." *Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*, No. CV H-18-2142, 2019 WL 3713724, at \*2 (S.D. Tex. Jan. 25, 2019); *see also* ECF 13 at 7–10. The Court does not have specific jurisdiction either, as all of the events giving rise to Plaintiff's claims occurred in Phoenix, Arizona. *See Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387, 399 (E.D. Tex. 2022) (Mazzant, J.) (citing *Calder v. Jones*, 465 U.S. 793, 788-89 (1984)) (holding plaintiff in defamation case "must establish that Texas was the 'focal point' of **both** the challenged [statements] and the harm suffered" to establish specific personal jurisdiction (emphasis added)); *see also* ECF 13 at 10–12.

Additionally, and regardless of jurisdictional issues, this case could and should have been brought in the U.S. District Court for the District of Arizona, where the vast majority of the relevant evidence and witnesses are located. *See* ECF 13 at 12–20. According to the Complaint, *all* the events giving rise to this action occurred at the "Renaissance Phoenix Hotel & Spa," and the actions about which Plaintiff complains were taken exclusively by employees of that Hotel. Because Marriott neither owns nor operates the Hotel, it is not a proper defendant in this case. Thus, Plaintiff seeks relief in the wrong forum against the wrong defendant.

Because Marriott has credibly challenged the Court's jurisdiction over this matter and whether this Court is the proper venue for this action, it would not be prudent for this Court to

order expedited discovery until Marriott's jurisdictional objections are resolved.[2] *See Klayman v. Obama*, No. 3:16-CV-2010-L, 2016 WL 5942227, at *6 (N.D. Tex. 2016) (denying motion for expedited discovery given pending challenge to court's jurisdiction); *Ultra Premium Servs., LLC v. Tubnaya Metallurgicheskaya Kompaniya*, No. CV H-21-305, 2021 WL 2766398, at *3 (S.D. Tex. Feb. 10, 2021) ("Plaintiffs are free to reurge their request for expedited discovery after the Court has addressed the jurisdictional issues raised in [defendant's] motion to dismiss.").

Not only is merits-based discovery imprudent at this juncture, but were Marriott to accede to Plaintiff's requests, Plaintiff would no doubt argue in response to Marriott's pending Motion to Dismiss that Marriott had consented to jurisdiction and venue. *Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 C 10665, 2017 WL 2152438, at *2 (N.D. Ill. May 17, 2017) ("Defendants gave every indication to Plaintiffs and this Court that they were defending the case on the merits here . . . [and therefore] waived and/or forfeited their argument that venue is improper or the Court lacks personal jurisdiction over them."). It is evident from the procedural history of this case that Plaintiff brought this case in Texas not because he believes that jurisdiction or venue is proper here, but because he hopes to achieve an unfair home-field advantage. The Court should not countenance these tactics by granting (or even considering) Plaintiff's Motion. Given Plaintiff's tactics and motives, no discovery should take place in this case until it has been brought in (or transferred to) the proper forum and venue, the proper defendant has been joined, and the parties have engaged in the requisite Rule 26(f) conference.

---

[2] Marriott is cognizant of this Court's Local Rule providing that "a party is not excused from responding to discovery" simply because of a pending motion to dismiss or change venue. L.R. CV-26(a). Nonetheless, and to avoid any argument that it has waived its jurisdictional objections by participating in discovery, Marriott notes that the Court may wish to consider the fact of Marriott's jurisdictional challenge, particularly given that Plaintiff plainly seeks leave to conduct expedited discovery for an improper purpose.

### B. Plaintiff Has Made No Showing that Expedited Discovery Is Warranted.

Jurisdictional, forum, and proper party issues aside, Plaintiff cannot show there is good cause to expedite discovery. Indeed, Plaintiff seeks the discovery for a futile and illegitimate purpose. Given his stated intent of misusing discovery to try this case in the court of public opinion, it is critically important that discovery proceed in the normal course, to ensure the integrity of the judicial process and allow implementation of appropriate safeguards.

"Expedited discovery is not the norm." *St. Louis Grp. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). Except in unusual circumstances not present here, discovery proceeds within the orderly and efficient framework provided by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(d); *see Combat Zone Corp. v. Does 1-11*, No. 1:12-CV-413, 2013 WL 12241283, at *1 (E.D. Tex. Jan. 8, 2013) (noting courts generally permit expedited discovery when, unlike here, "failing to do so would substantially impact the case from proceeding, and prevent Plaintiff from pursuing his or her claims"). This framework ensures the parties are on a level playing field, allows oversight by the courts, and permits parties and non-parties to seek protection when necessary. To ensure this balance between the parties and allow time to request necessary safeguards, Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless the Court orders otherwise. *Francis v. API Tech. Servs., LLC*, No. 4:13-CV-627, 2013 WL 12222464, at *1 (E.D. Tex. Nov. 14, 2013) (Mazzant, J.).

In view of the importance of this framework, expedited discovery is disfavored, and courts routinely deny motions seeking same. *See, e.g.*, *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-CV-350, 2016 WL 3747222, at *1 (E.D. Tex. July 13, 2016) (Mazzant, J.) (denying expedited discovery); *Francis,* 2013 WL 12222464, at *1 (same); *El*

*Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004) (same); *Jimenez v. Wal–Mart Stores Texas, LLC*, No. 2:13-CV-003-AM-VRG, 2013 WL 12129928, at *1 (W.D. Tex. Feb. 5, 2013) (same); *Enclave Arlington Assocs. Ltd. v. City of Arlington,* No. 4:09-CV-155-A, 2009 WL 10705172, at *2 (N.D. Tex. Apr. 28, 2009) (same).

Courts in the Fifth Circuit generally apply a "'good cause' standard to determine whether to permit such expedited discovery." *Combat Zone Corp. v. John/Jane Does 1-2*, No. 2:12-cv-00509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012) (collecting cases). The burden of showing good cause rests on the party seeking the expedited discovery. *Id.* at 240. To determine whether good cause exists, "a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *DIRECTV*, 2022 WL 17823677, at *2 (quoting *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-893, 2018 WL 10127086, at *1 (E.D. Tex. Feb. 13, 2018) (Mazzant, J.)); *see also St. Louis Grp.*, 275 F.R.D. at 239. Specifically, courts in this Circuit generally consider the following five factors when determining if good cause exists: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *OrthoAccel*, 2016 WL 3747222, at *3 (Mazzant, J.). Taken as a whole, these factors weigh heavily in favor of denying Plaintiff's Motion.

### 1. *Plaintiff Seeks Expedited Discovery for a Futile and Illegitimate Purpose*

Plaintiff has failed to articulate any cognizable reason that discovery in this case cannot proceed in the normal course. As noted above, Plaintiff "asks that he be granted the opportunity to conduct limited expedited discovery related to security footage of the Hotel on the date of the

incident so that he, the NFL, and anyone else interested in the truth, will be able to witness Irvin's conduct [and] judge for themselves . . . ." *Id.* ¶ 1.07. This stated purpose is both futile and illegitimate.

Plaintiff's argument proceeds from the assumption that the evidence he believes is in Marriott's possession—and particularly any video evidence of the alleged interaction between Plaintiff and a Hotel employee—would be exculpatory. Plaintiff suggests the NFL would permit him to recommence coverage of NFL events if he could blast the video in public media and show it to NFL officials. *Id.* Plaintiff's Motion makes the fatally inconsistent allegation, however, that the evidence he now seeks is "[t]he same evidence that the Defendant voluntarily turned over to the NFL." *Id.* ¶ 1.01. In other words, by Plaintiff's own admission, the NFL has already seen the video and judged for itself, so showing them the video again would be futile and unnecessary. Moreover, the only specific "upcoming" event Plaintiff claims he may be permitted to cover if the NFL re-watches the video is the NFL combine, which is already underway.[3] Thus, Plaintiff's failure to take the necessary steps under this Court's Local Rules to seek an emergency ruling has mooted his Motion.

Even if there remained some urgency (which Plaintiff has failed to identify), Plaintiff wants the video for the plainly illegitimate purpose of litigating his claims via media. The Court's Local Rules express disapproval of such tactics, which impose significant risks—such as inviting potential jurors to pre-judge the case and would-be investigators unbound by ethical and regulatory limitations to interfere with discovery and harass witnesses. In pertinent part, the Local Rules provide that a "lawyer should not use any form of discovery or the scheduling of discovery as a means of harassing opposing counsel or counsel's client" and a "lawyer

---

[3] *See* NFL Scouting Combine 2023, http://www.nflcombine.net/ (last visited February 27, 2023) ("The NFL Scouting Combine will be held February 27 – March 6, 2023.")

Opposition to Motion for Expedited Discovery                                                                                                Page 11

unquestionably owes, to the administration of justice, the fundamental duties of personal dignity and professional integrity." Local Rule AT-3(d), (h); *see also* Fed. R. Civ. P. 26(g)(1)(B)(ii) (requiring party propounding discovery to certify discovery request "not interposed for any improper purpose, such as to harass").

Local Rule AT-3 also encourages counsel to adhere to the Codes of Pretrial and Trial Conduct promulgated by the American College of Trial Lawyers, which provide: "A case should be tried in the courtroom and not in the media. A lawyer should follow all rules and orders of the court concerning publicity. ***In the absence of a specific rule or order, a lawyer should not make any extrajudicial statement that may prejudice an adjudicative proceeding***." *See* American College of Trial Lawyers, *Code of Pretrial and Trial Conduct* at p. 12, https://www.actl.com/docs/default-source/default-document-library/position-statements-and-white-papers/codes_of_pretrial_and_trial_conduct_09_web_permission (last visited February 26, 2023) (emphasis added). Plaintiff's counsel has already made prejudicial extrajudicial statements, baselessly implying that Marriott's proper removal and resistance to participating in discovery that is not authorized by the Federal Rules absent court order is somehow sinister or an attempt to "hide" relevant evidence. *See, e.g.*, Mike Florio, *Michael Irvin's lawyer is "mad as hell" that Marriott refuses to produce surveillance video*, NBC Sports (Feb. 22, 2023, 12:59 AM EST), https://profootballtalk.nbcsports.com/2023/02/22/michael-irvins-lawyer-is-mad-as-hell-that-marriott-refuses-to-produce-surveillance-video/. Additionally, in the wake of Plaintiff's extrajudicial statements, media reports have suggested that the Court should and will look more favorably on Irvin as an individual than Marriott as a corporation. *See, e.g.*, Mike Florio, *Judge Amos Mazzant will handle Michael Irvin's case against Marriott*, NBC Sports (Feb. 22, 2023, 7:22 PM EST), https://profootballtalk.nbcsports.com/2023/02/22/judge-amos-mazzant-will-

handle-michael-irvins-case-against-marriott/ ("In cases between individuals and corporations, federal judges appointed by Democratic administrations are more likely to issue favorable rulings to the individuals."); Mitchell Forde, *Michael Irvin Gets 'Good News' In Marriott Lawsuit*, Athlon Sports (Feb. 23, 2023), https://athlonsports.com/nfl/michael-irvin-gets-good-news-in-marriott-lawsuit (noting this Court "should be more inclined to rule in favor of Irvin").

The Court should not permit Plaintiff to obtain expedited discovery in furtherance of continuing his improper, prejudicial PR campaign. Plaintiff's conduct is not only harmful to Marriott, the Hotel at issue in this litigation, and the Hotel employees who have been subjected to threats and harassment, but it also undermines and demeans the integrity of the judicial system and taints the potential jury pool. Avoiding such a result is precisely why this Court and others have rules in place respecting how attorneys communicate with the public about pending litigation. Plaintiff's stated purpose therefore weighs heavily against expedited discovery.

> 2. *The Burden Associated with Producing the Evidence is High, as It is Likely to Harm Third Parties, Including Hotel Employees*

The burden associated with expedited discovery also weighs heavily in favor of denying Plaintiff's Motion. The media frenzy Plaintiff and his counsel have created has encouraged members of the public to threaten Hotel employees. Additionally, the threats and security risks that would attend any public revelation of the identity of the employee who allegedly reported Plaintiff's misconduct would unquestionably harm that employee, who is a third-party to this litigation. *See* ECF 10 at 7 (dismissing Jane Doe defendant from action). These threats underscore the importance of Marriott's decision to maintain the anonymity of the employee who reported the misconduct and to keep its investigation into the report "strictly confidential," as the policy cited by Plaintiff provides. ECF 5-4. Plaintiff's allegation that Marriott somehow

violated the letter or spirt of its policy—a policy designed to protect hotel employees from "harassment by any . . . guest, vendor, client, or customer"—is therefore completely unfounded.

These risks cannot be neutralized by any offer to keep the complaining employee's identity confidential. First, the primary piece of evidence Plaintiff seeks—the video—cannot be "redacted." If Plaintiff obtains and publicly disseminates the video as he intends, the media and private citizens undoubtedly will seek to identify the employee using that image. Plaintiff cannot ethically "crowd source" discovery in this manner, using third parties who are not constrained by the rules of ethics or otherwise appropriately licensed. Second, threats received to date have been directed at the Hotel, and Plaintiff's team of private investigators and agents have entered the Hotel seeking extra-judicial discovery regarding the substance of Plaintiff's claims. Accordingly, redacting the identity of the single employee in question will do nothing to guard against Plaintiff's abuses. These significant burdens and attendant harms weigh heavily against granting Plaintiff's request.

> 3. *No Preliminary Injunction is Pending, and Plaintiff Has Not Shown He Will Suffer Any Irreparable Harm Absent Expedited Discovery*

Another of the factors—whether a preliminary injunction is pending—also militates against granting Plaintiff's motion, as Plaintiff has not even sought a preliminary injunction. Indeed, he has not sought *any* injunctive relief in this case at all—only money damages. ECF 3 ¶¶ 6.01–6.06. Nor has he alleged any ongoing conduct of Marriott (such as the destruction of evidence) warrants either a preliminary injunction or expedited discovery.[4] Having failed to

---

[4] The sole case on which Plaintiff relies—*Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007)—is from a court outside the Fifth Circuit and applies a different standard that the one this Court (and other courts in the Fifth Circuit) generally apply. In any event, *Stern* is distinguishable, as even Plaintiff recognizes in his own Motion. ECF 5 ¶ 3.06. The court there concluded that the plaintiff had shown good cause because plaintiff came forward with evidence suggesting defendant had tried to tamper with witnesses, and plaintiff sought discovery on whether this had occurred and the extent of it. *Stern*, 246 F.R.D. at 457. The court found that

identify or even allege any irreparable harm, there is no reason Plaintiff needs to take discovery other than in the ordinary course.

### III. CONCLUSION

For all of the reasons shown above, independently and collectively, Marriott respectfully requests that the Court deny Plaintiff's Motion for Expedited Discovery.

Respectfully submitted:

/s/ *Nathan D. Chapman*

| | |
|---|---|
| Nathan D. Chapman (*pro hac vice*) | Kendall Kelly Hayden (SBN) 24046197 |
| nchapman@kcozlaw.com | khayden@cozen.com |
| C. Celeste Creswell (*pro hac vice*) | Tyler M. Frankel (SBN 24101767) |
| ccreswell@kcozlaw.com | tfrankel@cozen.com |
| KABAT CHAPMAN & OZMER LLP | COZEN O'CONNOR |
| 171 17th Street, NW, Suite 1550 | 1717 Main Street, Suite 3400 |
| Atlanta, Georgia 30363 | Dallas, Texas  75201 |
| Tel: (404) 400-7300 | Telephone: (214) 462-3000 |
| Fax: (404) 400-7333 | Facsimile:  (214) 462-3299 |

*Attorneys For Marriott International, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2023, a true and correct copy of the above and foregoing was served via CM/ECF system to the all counsel of record.

/s/ *Nathan D. Chapman*
Nathan D. Chapman

---

plaintiff's "desire to explore this question expeditiously—before full and normal discovery—is reasonable and understandable" because if defendant "was actually attempting to obstruct justice, her efforts could very well have endangered the integrity of the judicial process." *Id.* Plaintiff has not articulated any reason to believe that Marriott has engaged in any such misconduct.  Instead, he tries to analogize *Stern* by arguing that "withholding" "discoverable" evidence is tantamount to "tampering" with evidence.  ECF 5 ¶ 3.06.  Plaintiff's argument is absurd on its face.  It cannot be the case that any evidence that is "discoverable" must be disclosed on an expedited basis and that a party's failure to do so amounts to "tampering" with evidence.