# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MICHAEL IRVIN, § | |
| § | |
| *Plaintiff,* § | Civil Action No. 4:23-cv-00131 |
| § | Judge Mazzant |
| v. § | |
| § | |
| MARRIOTT INTERNATIONAL INC., § | |
| § | |
| *Defendant.* § | |

## ORDER

Pending before the Court is Plaintiff Michael Irvin's Motion for Expedited Discovery (Dkt. #5). Having considered the motion, the response, and the applicable law, the Court finds that the motion should be **GRANTED**.

## BACKGROUND

At the core of is this case is a dispute regarding an incident that allegedly occurred at the Renaissance Phoenix Hotel & Spa (the "Hotel") on February 5, 2023 (Dkt. #3 at pp. 3–4). In February 2023, Plaintiff was a guest at the Hotel while in Phoenix to cover Super Bowl LVII (Dkt. #3 at pp. 3). Plaintiff contends that, on the evening of February 5—following an allegedly innocent interaction with a Hotel employee—Defendant Marriott International Inc. ("Marriott") falsely accused Plaintiff of misconduct and expelled him from the Hotel without warning or explanation (Dkt. #3 at pp. 3–4). According to Plaintiff, Marriott then reported those same allegations to the National Football League ("NFL"), which led the NFL to remove Plaintiff from all Super Bowl-related programing and caused Plaintiff significant financial and reputational harm (Dkt. #3 at p. 3). Although the alleged incident has garnered significant publicity, Plaintiff avers

that Marriott and Hotel management have denied his repeated attempts to gain clarity into the details of the alleged incident (Dkt. #3 at p. 4).[1]

On February 9, 2023, Plaintiff brought this case against Defendant in the 429th Judicial District Court in Collin County, Texas, asserting claims for defamation and tortious interference with a business relationship (Dkt. #1). Marriott removed the case to this Court on February 20, 2023 (Dkt. #1).

On February 22, 2023, Plaintiff filed his motion for expedited discovery (Dkt. #5). Marriott responded to Plaintiff's motion on February 28, 2023 (Dkt. #14).[2]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(d)(1), a party may not "seek discovery from any source before the parties have conferred as required by Rule 26(f)," except when "authorized by . . . court order." FED. R. CIV. P. 26(d)(1). "The Fifth Circuit has not established a standard for allowing expedited discovery, but the majority of courts considering the issue have adopted a 'good cause' standard." *Red Lion Renewables, LLC v. Haff*, No. 5:19-CV-1113, 2019 WL 13026038, at *1 (W.D. Tex. Nov. 6, 2019). Under the good cause standard, courts examine a request for expedited discovery based on "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *St. Louis Grp., Inc. v. Metals & Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (emphasis in original) (internal quotations omitted).

---

[1] *See, e.g.*, Matt Bonesteel, *After Being Sent Home From the Super Bowl, Michael Irvin Sues Marriott*, THE WASHINGTON POST (Feb. 10, 2023), https://www.washingtonpost.com/sports/2023/02/10/michael-irvin-sues-marriott/; *Michael Irvin Dropped as NFL Network Analyst for Super Bowl*, ESPN (Feb. 8, 2023), https://www.espn.com/nfl/story/_/id/35615689/michael-irvin-dropped-nfl-network-analyst-super-bowl.

[2] Defendant has also moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(2) or, alternatively, to transfer this case to the United States District Court for the District of Arizona (Dkt. #13). This motion is not yet ripe for the Court's review. *See* Local Rule CV-7(e).

In determining good cause, courts in this circuit consider a number of factors, including: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *See, e.g.*, *Stockade Cos., LLC v. Kelly Rest. Grp., LLC*, No. 1:17-CV-0143, 2017 WL 2635285, at *3 (W.D. Tex. June 19, 2017). The party seeking expedited discovery has the burden of showing good cause, and the subject matter of the discovery must be narrowly tailored. *Id.* The decision to order expedited discovery is committed to the "sound discretion" of the Court. *See, e.g.*, *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987) ("It hardly bears repeating that control of the discovery process is committed to the sound discretion of the trial court . . . .").

## ANALYSIS

Plaintiff asks the Court to grant him expedited discovery into "[a]ny and all video recordings, written reports, and/or witness statements gathered that pertain to Michael Irvin's stay at the Renaissance Phoenix Downtown Hotel in February 2023" (Dkt. #5 at pp. 8–9).

Plaintiff's stated "good cause" for this request is his desire to remedy ongoing reputational damage stemming from the alleged incident and to seek reinstatement with the NFL (Dkt. #5 at pp. 7–8). In essence, Plaintiff seeks expedited discovery to better understand the "who, what, when, or where of the allegations levied against them" and to begin the process of addressing those allegations (Dkt. #5 at p. 2).

In response, Marriott argues that expedited discovery is premature and unwarranted given its pending motion to dismiss or transfer this case (Dkt. #14 at pp. 6–8). Defendant also argues that Plaintiff seeks expedited discovery for the improper purposes of litigating this case via the

3

media and exposing his alleged accuser to harassment and unwarranted scrutiny (Dkt. #14 at pp. 10–13).

Considering the record before it and the surrounding circumstances, the Court finds that Plaintiff has carried his burden of establishing good cause for expedited discovery. *St. Louis Grp.*, 275 F.R.D. at 239. To be sure, Plaintiff does not point to the type of urgent justification that usually warrants expedited discovery (i.e., a pending motion for preliminary injunction), but he does allege immediate and ongoing harms—both reputational and economic—that could plausibly be impacted by expedited discovery here. Moreover, the discovery that Plaintiff seeks is narrow and unlikely to be particularly burdensome on Marriott. Indeed, Plaintiff's request is limited to surveillance footage and written reports, all of which likely exist in a readily accessible format. *Par. of Jefferson v. S. Recovery Mgmt., Inc.*, No. 2:95-CV-2290, 1995 WL 542475, at *2 (E.D. La. Sept. 12, 1995) (allowing limited expedited discovery when the discovery sought was limited to "requests for documents which defendants should routinely maintain and have readily accessible.").

The Court does, however, find that Marriott's concern for the privacy of the Hotel employee who allegedly reported Plaintiff's misconduct is well founded. Thus, the Court will allow Marriott to redact the employee's name from any written reports and to take reasonable measures to protect the employee's identity as necessary at this early stage of the case. *See PUI Audio, Inc. v. Van Den Broek*, No. 3:21-CV-284, 2021 WL 5166402, at *3 (S.D. Ohio Nov. 5, 2021) (allowing party responding to expedited discovery to redact confidential information as necessary).[3]

---

[3] Of course, it will become necessary for Marriott to disclose the identity of Plaintiff's alleged accuser at a later stage in this case, but, given the limited nature of Plaintiff's request and the absence of a protective order, Marriott need not disclose that information at this time.

As to Marriott's contentions regarding its pending motion to dismiss or transfer this case, the Local Rules make clear that a pending motion to dismiss or transfer does not give a party license to refuse to participate in discovery. *See* Local Rule CV-26(a) ("Absent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue."). Moreover, Marriott's argument that its participation in expedited discovery will waive its jurisdiction and venue objections is unavailing. Marriott has already preserved its jurisdictional and venue-based defenses by filing a timely motion to dismiss or transfer. FED. R. CIV. P. 12(h)(1); *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 249–50 (5th Cir. 2020). As Marriott points out, even a defendant that properly preserves Rule 12(b) defenses may forfeit its right to seek a ruling on those defenses through conduct during the litigation. *Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019) (citing *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999)). But not all conduct serves as consent to personal jurisdiction. Rather, a party is only deemed to have consented to personal jurisdiction if its conduct gives rise to a "reasonable expectation" that the party will defend the case on the merits or cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking. *Boulger*, 917 F.3d at 477.

Simply put, Marriott's limited participation in court-ordered discovery does not demonstrate its intent to litigate the underlying merits of the case in this Court. Nor is there any risk that expedited discovery will cause wasted effort here because the footage and documents sought by Plaintiff will undoubtedly be discoverable and highly relevant irrespective of whether this case is litigated in this Court, in the District of Arizona, or elsewhere.[4]

---

[4] Although Marriott characterizes the discovery sought by Plaintiff as "merits-based discovery," the facts pertaining to Marriott's investigation of the alleged incident may also be relevant to the resolution of Marriott's jurisdiction and venue objections. *See, e.g.*, *GTFM Inc. v. Int'l Basic Source, Inc.*, No. 1:01-CV-06203, 2002 WL 42884, at *2

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Expedited Discovery (Dkt. #5) is hereby **GRANTED**.

It is further **ORDERED** that Defendant produce the items and documents sought in Plaintiff's Request for Production 1 (Dkt. #5 at p. 8) no later than March 7, 2023 at 5:00 p.m.

**IT IS SO ORDERED.**

**SIGNED this 1st day of March, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

(S.D.N.Y. Jan. 11, 2002) (noting that expedited discovery is appropriate where facts relevant to personal jurisdiction and venue lie exclusively within the defendant's knowledge).