IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Michael Irvin,<br>　Plaintiff | CIVIL ACTION NO. 4:23-CV-00131 |
| *v.* | |
| Marriott International, Inc.<br>and Jane Doe,<br>　Defendants | |

---

**EMERGENCY: PLAINTIFF'S MOTION TO ENFORCE COURT ORDER**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Michael Irvin ("Irvin") and asks the Court to grant his Emergency Motion to Enforce Court Order and in support thereof Irvin would respectfully show the Court as follows:

**I.**
**INTRODUCTION**

On February 22, 2023, Plaintiff filed a Motion for Expedited Discovery (the "Motion").

On February 24, 2023, This Court filed an Order requiring Defendant to respond to Plaintiff's Motion no later than February 28, 2023.

On February 28, 2023, Defendant filed its response to Plaintiff's Motion ("Defendant's Response").

On March 1, 2023, This Court ruled on that Motion and issued an Order requiring Defendant to produce the requested materials by March 7, 2023.  Included in that Order was the following: **"Request For Production 1.** Any and all video recordings, written reports, and/or

witness statements gathered that pertain to Michael Irvin's stay at the Renaissance Phoenix Downtown Hotel in February 2023."

On March 3, 2023, Defendant's counsel sent correspondence to Plaintiff's counsel detailing various restrictions Defendants were unilaterally imposing on their production of the video recordings ordered by this Court. Counsel's letter is attached as **Exhibit A** to the attached Affidavit of Levi McCathern. Defendants' letter states in relevant part:

> The 'video recordings' referenced in the court's order will be available for Plaintiff's and his counsel's visual inspection at the law offices of Cozen O'Connor, 1717 Main Street, Suite 3100, Dallas, Texas 75201, on March 7, 2023 from 9 am until 11:30 am and 1:30 pm until 4:30 pm CST. No recording or removal of the video recordings will be permitted and your personal electronic devices (*e.g.*, phones, tablets, computers, and any other device capable of visual or audio recording) must be left at the front desk during the viewing.

On March 7, 2023, Plaintiff's counsel appeared at Defendant's Counsel's office, and requested copies of the materials as required by this Court's Order. Defendant's Counsel refused to provide those copies and refused to allow Plaintiff's Counsel to make copies at his own expense. *See* Aff. of L. McCathern. As a result, Defendants' counsel have prevented Plaintiff's counsel from obtaining their own copy of the videos to use for their own private analysis, for review and discussion with Plaintiff Mr. Irvin, and for preparing this case.

## II.
### IRVIN FACES IMMINENT IRREPARABLE HARM IF THE REQUESTED RELIEF IS NOT GRANTED

As this Court properly identified in its Order Granting Plaintiff's Motion for Expedited Discovery, Plaintiff will suffer irreparable and immediate harms both economically and reputationally if he is not given possession of a copy of the video to prepare his case. *See* Dkt. 15.

Plaintiff's necessity for the expedited discovery that this Court ordered has not been alleviated. By refusing to provide a copy to Plaintiff's Counsel (even though Defendants document

production indicates they have already provided copies to at least one third party, the NFL), Defendant has imposed arbitrary and unjustifiable conditions on the production ordered by this Court that serve no legitimate purpose and serve merely to impede and frustrate Plaintiff's ability to prepare his case, to investigate and understand the who, what, when, or where of the allegations levied against him, or prove his innocence to his employers and fans.

## III.
## EMERGENCY MOTION TO ENFORCE COURT ORDER

Despite this Court's order to the contrary, Defendant's Counsel has refused to provide a copy of the surveillance footage that "that pertain[s] to Michael Irvin's stay at the Renaissance Phoenix Downtown Hotel in February 2023." True, they have allowed Plaintiff's counsel to "inspect" the video, but the imposition of arbitrary and unjustifiable restrictions on Plaintiff's ability to make a copy is not compliant either with Rule 34 or this Court's order. Rule 34 of the Federal Rules of Civil Procedure provides: "if a party does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a *reasonably usable* form or forms." Fed. R. Civ. P. 34(b)(2)(E). The opportunity to watch the surveillance footage one time, with no copy, falls far short of producing the video in a "reasonably usable form." Plaintiff and his counsel simply cannot prepare his case based on watching the footage one time in opposing counsel's office under the watchful eye of Defendants' attorneys. This setting provides no opportunity for counsel to discuss or analyze the video among themselves and no opportunity to review the video in a privileged and confidential setting with Plaintiff Mr. Irvin.

Defendants' counsel have notably offered no justification for their imposition of arbitrary restrictions on Plaintiff's ability to make a copy of the videos ordered produced by this Court, and

given Defendants' prior disclosure of the same videos to third parties it is impossible to imagine what such a justification might be. Instead, Defendants' counsel are simply using a hair-splitting reading of Rule 34 to frustrate Plaintiff's ability to take the discovery ordered by this Court and to investigate and prepare his case. But Defendants' hairsplitting is inconsistent with both the language and spirit of Rule 34, which states that a party may request that any other party "produce **and** permit the requesting party of its representative inspect, copy, test, or sample" the requested documents or items. Fed. R. Civ. Proc. 34(a)(1) (emphasis added). After this Court ordered Defendants produce the videos, Plaintiff's counsel repeatedly informed Defendants' counsel that they wished to inspect **and** copy the videos, which Plaintiff has offered to do at his own expense. Defendants have simply refused to permit copying, without explanation or justification.

Assuming that Defendant is trying to protect the identify of Defendant Jane Doe by withholding any usable copies of the footage they were ordered to produce, that interest can be adequately protected by a standard form protective order that restricts disclosure of the video while allowing Plaintiff to make and keep his own copy to use in discussions with Plaintiff's counsel and in preparing this case.

Defendant has fallen short of its duties in complying with this Court's Order by failing to permit copying of the videos that this Court ordered it to produce.  An opportunity to inspect on a limited basis without the ability to copy is not production in the "reasonably useable form" required by Rule 34. Due to Defendant's sole ownership, control, and possession of the video, there is no alternative method for Plaintiff to obtain the requested materials. This factor that weighs in favor of this Court's order for the Defendant to provide copies to Plaintiff's counsel. Because Defendant failed to comply with this Court's Order, Plaintiff is seeking an Emergency Motion to Enforce Court Order against the Defendant.

For all the foregoing reasons, Plaintiff respectfully asks this Court to compel discovery and force the Defendants to comply with its Order Granting Expedited Discovery by giving Plaintiff's Counsel copies of the identified materials, or allowing Plaintiff's counsel to make a copy at their own expense.

## IV.
### SPECIFIC REQUESTS

For good cause, Plaintiff seeks that the Court order Defendant to produce:

**Request For Production 1. Please produce copies of** any and all video recordings, written reports, and/or witness statements gathered that pertain to Michael Irvin's stay at the Renaissance Phoenix Downtown Hotel in February 2023.

Plaintiff requests that this expedited discovery be produced no later than Wednesday, March 8, 2023, at 5:00 p.m. Central Standard Time.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks the Court to grant this motion and order Defendant to respond substantively to Plaintiff's limited discovery request by providing copies of all identified materials.

Respectfully submitted,

*/s/ Levi G. McCathern, II*

Levi G. McCathern, II
State Bar No. 00787990
lmccathern@mccathernlaw.com
Jesse L. Cromwell
State Bar No. 24073067
jcromwell@mccathernlaw.com
Noah L. McCathern
State Bar No. 24118035
nmccathern@mccathernlaw.com

MCCATHERN, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
Telephone: (214) 741-2662
Facsimile: (214) 741-4717

ATTORNEYS FOR PLAINTIFF
MICHAEL IRVIN

## CERTIFICATE OF CONFERENCE

I hereby certify that I have complied with the meet and confer requirements in Local Rule CV-7(h) by conferring with Nathan D. Chapman, counsel for Defendant Marriott International, Inc., in person on March 7, 2023. The relief requested herein is opposed by Defendant, and an agreement could not be reached, leaving an open issue for the court to resolve.

*/s/ Levi G. McCathern, II*
Levi G. McCathern, II

## CERTIFICATE OF SERVICE

I certify that on March 7, 2023, I filed the foregoing pleading using the Court's electronic filing system, and same was e-served on Defendant's counsel of record, as follows:

Kendell Kelly Hayden
Cozen O'Connor
1717 Main St., Suite 3100
Dallas, TX 75201

and

Nathan D. Chapman
C. Celeste Creswell
Kabat Chapman & Ozmer, LLP
171 17th St. NW, Suite 1550
Atlanta, GA 03063

*/s/ Levi G. McCathern, II*
Levi G. McCathern, II

**Exhibit A**



**KABAT CHAPMAN & OZMER** LLP

Atlanta     Los Angeles

NATHAN D. CHAPMAN
DIRECT DIAL: 404.400.7303
E-MAIL: *nchapman@kcozlaw.com*

March 3, 2023

*VIA E-MAIL*

Levi G. McCathern, II
lmccathern@mccathernlaw.com
MCCATHERN, PLLC
3710 Rawlins, Suite 1600
Dallas, Texas 75219

   RE: *Michael Irvin v. Marriott International, Inc.*, In the United States District Court
      **for the Eastern District of Texas, Sherman Division, Case No. 4:23-cv-131.**

Mr. McCathern,

   Pursuant to the court's order dated March 1, 2023 in the above-referenced matter, copies
of the non-privileged "written reports" and "witness statements gathered that pertain to Michael
Irvin's stay at the Renaissance Phoenix Downtown Hotel in February 2023" will be delivered to
your office on March 6, 2023.  The "video recordings" referenced in the court's order will be
available for Plaintiff's and his counsel's visual inspection at the law offices of Cozen O'Connor,
1717 Main Street, Suite 3100, Dallas, Texas 75201, on March 7, 2023 from 9 am until 11:30 am
and 1:30 pm until 4:30 pm CST. No recording or removal of the video recordings will be permitted
and your personal electronic devices (*e.g.*, phones, tablets, computers, and any other device
capable of visual or audio recording) must be left at the front desk during the viewing.

   Please provide us with the names of the individuals who plan to attend (no more than three)
so we can provide their names to security.

        Sincerely,

        */s/ Nathan D. Chapman*

        Nathan D. Chapman

cc:  C. Celeste Creswell
   Kendall Kelly Hayden

171 17th Street NW, Suite 1550, Atlanta, Georgia  30363 | 404.400.7300 | www.kcozlaw.com



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| Michael Irvin | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:23-CV-00131 |
| Marriott International Inc. and Jane Doe, | § | |
| Defendants. | § | |
| | § | |

---

## AFFIDAVIT OF LEVI MCCATHERN

---

BEFORE ME, the undersigned authority, on this day personally appeared LEVI G. MCCATHERN, II who, being by me duly sworn, deposed as follows:

1.   My name is Levi McCathern.  I am over eighteen years of age, of sound mind, and fully competent to make this Affidavit. The facts stated herein are of my personal knowledge, and I know them to be true and correct.  If called to testify at the trial of this matter, I could competently testify as to the facts contained in this Affidavit.

2.   I am an attorney licensed with the State Bar of Texas.

3.   I represent Plaintiff Michael Irvin in this lawsuit against Defendants Marriott International, Inc. and Jane Doe.

4.   On February 22, 2023, Plaintiff filed a Motion for Expedited Discovery (Dkt. # 15) in this Court seeking an order requiring an expedited response by Defendants to the following request for production:

> a. **Request For Production 1.** Any and all video recordings, written reports, and/or witness statements gathered that pertain to Michael Irvin's stay at the Renaissance Phoenix Downtown Hotel in February 2023.

5.    On March 1, 2023, after considering Defendants opposition to Plaintiff's motion, this Court (Mazzant, J.) granted Plaintiff's motion (Dkt. # 15) and ordered Defendants as follows:

> It is further **ORDERED** that Defendant produce the items and documents sought in Plaintiff's Request for Production 1 (Dkt. #5 at p. 8) no later than March 7, 2023 at 5:00 p.m.

6.    In reference to the Court's Order, Defendants' counsel Nathan Chapman sent me correspondence which has been attached hereto as **Exhibit A**. This correspondence indicated that Defendant's counsel would produce certain responsive documents, but that Defendants would permit only a one-time inspection, but no copying, of the responsive video recordings. Mr. Chapman's letter stated that I was to appear in their office with them present for a three-hour window in which only two other people would be allowed to join me and during which all cell phones or other potential recording devices must be left outside the room. For conference purposes, I emailed Mr. Chapman objecting to this arbitrary restriction on Plaintiff's ability to take the discovery ordered by this Court.

7.    When I appeared at Opposing Counsel's office to view the video on March 7, 2023, I was informed again that I would not be allowed to have a copy to use in preparation of my case. Consistent with Mr. Chapman's letter, I was asked to empty my pockets to ensure that I would not bring a cell phone or other recording device into the viewing room. I refused.

8.    Opposing counsel also represented to me that there was more footage of Michael Irvin during the relevant time period that they were not showing me.

9.     When I got into the room where the video was to be shown, I requested to make a copy of the video via my cell phone, that request was denied. Defendants' counsel remained in the room within a few feet of me the entire time, making it impossible for me to discuss what I was viewing with my legal team. Due to Defendants' refusal to provide or allow me to make a copy of the video, I am also unable to analyze the video in private or show it to my client when I meet with him.

10.     When I pressed and requested that I be allowed to make a copy of the video at my own expense, I was again denied access to do so. So, while I have seen approximately ten minutes of videos, I have nothing I can share with my client and no copy to use in preparing Plaintiff's case.

11.     Notably, while Defendants' counsel refused to allow Plaintiff's legal team to make a copy of the videos ordered produced by this Court, Defendants' document production (which I have reviewed) indicates that Defendants have already provided copies of the videos to at least one third party, the NFL.

***Further Your Affiant sayeth not.***



_____
Levi G. McCathern, II

Sworn to and subscribed before me this 8 day of March, 2023.

_____
Notary Public in and for the State of Texas

Kayla Damron
My Commission Expires
06/18/2024
ID No. 132528996

AFFIDAVIT OF LEVI MCCATHERN
Page 3