IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL IRVIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:23-cv-131 |
| MARRIOTT INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT MARRIOTT INTERNATIONAL, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE COURT ORDER**

Plaintiff's "Emergency" Motion is legally flawed and premature. He ignores that Marriott not only complied with the Court's Order, but also produced documents in advance of the deadline and specifically invited Mr. Irvin to view the video footage himself, which he chose not to do. Plaintiff also omits any mention of his refusal to discuss any purported issues in advance of or subsequent to the video inspection hosted by Marriott on March 7.

Upon entry of the Court's order granting Plaintiff's Motion for Expedited Discovery (DE 15), Marriott promptly informed Plaintiff that: (1) on March 6, it would deliver to Plaintiff's counsel copies of any non-privileged reports and witness statements pertaining to Plaintiff's stay at the Renaissance Phoenix Downtown Hotel, which it did; and (2) it would make the pertinent video recordings "available for *Plaintiff's and his counsel's inspection*" on March 7 at 9 a.m, well in advance of the Court's 5 p.m. deadline for production, which it did. Exh. A (emphasis added). In accordance with the Court's Order permitting Marriott to "take reasonable measures to protect the employee's identity," Marriott also advised Plaintiff's counsel that no recording or

removal of the video recordings would be permitted. *Id.*; DE 15 at 4. Given Plaintiff's repeatedly stated intent (including in a press conference this morning) to disclose the video publicly, which would substantially risk compromising the identity and privacy of the employees and the Hotel guests visible on the video, it is apparent that producing the video for inspection, as Rule 34 allows, was both reasonable and necessary.

Plaintiff refused to discuss the purported basis for his Motion with Marriott before filing it. Although Plaintiff vaguely complained that Marriott's proposed method of production did not "fully comply with the Court's order," he ignored Marriott's request to explain the basis for any objection. Exh. B. Plaintiff also ignored Marriott's express invitation to review personally the video footage for himself on March 7, opting to have three of his attorneys view it instead and to hold a press conference today, wherein he (inexplicably) complained that he was not able to review the video. Exh. A.

Following the inspection, Marriott's counsel again invited Plaintiff's counsel to confer in good faith as to the "specific areas" in which he believed the production was non-compliant." Exh. C. Marriott's counsel further represented that he would confer with Marriott regarding whether a copy of the video could be provided to the NFL and to Plaintiff pursuant to an appropriate protective order, while reiterating that Marriott's "preeminent concern is the safety and ***privacy of its employees and guests, several of whom appear on the video and whose interests may be compromised by public disclosure of the video***." *Id* (emphasis added). After receiving no response, Marriott's counsel followed up later in the day to inform Plaintiff's counsel that he was discussing Plaintiff's request with Marriott. Exh. D. Rather than respond to Marriott's counsel or otherwise engage in the requested conferral, Plaintiff prematurely filed the instant Motion to coincide with his 10:30 am CST press conference today.

Contrary to Plaintiff's unsupported assertions, Marriott's method of production—by permitting inspection—is wholly consistent with Rule 34, which provides that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to *inspect*, copy, test, *or* sample." Fed. R. Civ. P. 34(a)(1) (emphasis added). Notably, neither the Court's Order nor Plaintiff's corresponding request requires that Plaintiff be provided a copy of the video or that he be allowed to make his own copy. DE 5 at 8 (requesting "Any and all video recordings, written reports, and/or witness statements gathered that pertain to Michael Irvin's stay at the Renaissance Phoenix Downtown Hotel in February 2023"); DE 15 at 6 (ordering Marriott to "produce the items and documents sought in Plaintiff's Request for Production 1").

As this Court and many others have recognized, inspection is a proper (indeed the *default*) method of production under Rule 34, and neither the Rule nor any authority requires that a requesting party be provided a copy at the producing party's expense or be permitted to make his own copy. *See, e.g.*, *Tsanacas v. Amazon.com, Inc.*, No. 4:17-CV-00306, 2018 WL 324447, at *4 (E.D. Tex. Jan. 8, 2018) ("For the Court to order production, Plaintiff must show that Defendant failed to produce documents *or to permit the appropriate inspection*." (emphasis added)) (Mazzant, J.); FRCP 37(a)(3)(B)(iv) (motion to compel discovery appropriate where "a party fails to produce documents *or fails to respond that inspection will be permitted—or fails to permit inspection*—as requested under Rule 34" (emphasis added)); *see also Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 336 (N.D.N.Y. 2008) ("The most obvious means of complying with the requirement of Rule 34(b) to produce documents as they are kept in the usual course of business is to *permit the requesting party to inspect* the documents where they are maintained, and in the manner in which they are organized by the producing party." (emphasis

added)); *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.,* No. CV126383JFBAKT, 2016 WL 4703656, at *5 (E.D.N.Y. Sept. 7, 2016) (recognizing that Rule 34 provides "for inspection of documents or ESI, or, *in the alternative*, production of such materials "'instead of permitting inspection'" (quoting Fed. R. Civ. P. 34(b)(2)(B))). Plaintiff cites *no authority* in support of his contrary position.

Inspection is particularly appropriate in these circumstances, given the Court's recognition of the privacy interests implicated by this expedited discovery and Plaintiff's failure to confer with Marriott as to any of the issues he now purports to raise. For example, Plaintiff does not explain why he could not have attended the inspection, viewed the video as many times as he wanted, and discussed it privately with his counsel in a separate conference room—which Marriott could have provided but Plaintiff did not request and declined to even discuss.

Like his failure to confer, Plaintiff's acknowledgement of Marriott's concerns regarding the privacy of its guests and employees is significant. Indeed, he admits a protective order is appropriate. That is *precisely* what Marriott's counsel proposed the parties discuss following the inspection—an offer that counsel ignored in favor of filing the instant Motion and convening a press conference.

In short, because Marriott fully complied with the Court's Order and produced the video recording in accordance with Rule 34, the Court should deny Plaintiff's Motion. Should the Court be inclined to order that Marriott produce a copy of the video recordings to Plaintiff, Marriott requests that the Court enter a Protective Order providing that Plaintiff (1) may not use any information produced by Marriott in discovery other than for purposes of litigating this case; (2) may disclose such information only to Plaintiff and his attorneys of record; and (3) may not publicly disclose such information.

Respectfully submitted:

*/s/ Nathan D. Chapman*
Nathan D. Chapman (*pro hac vice*)
nchapman@kcozlaw.com
C. Celeste Creswell (*pro hac vice*)
ccreswell@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, GA 03063
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

Kendall Kelly Hayden
khayden@cozen.com
State Bar No. 24046197
Tyler M. Frankel
tfrankel@cozen.com
State Bar No. 24101767
COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas  75201
Telephone: (214) 462-3000
Facsimile:  (214) 462-3299

**ATTORNEYS FOR MARRIOTT INTERNATIONAL, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2023, a true and correct copy of the above and foregoing was served via CM/ECF system to all counsel of record.

                                              */s/ Nathan D. Chapman*
                                              Nathan D. Chapman